**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

-----------------------------------------------------------------X
NICOLE GOLAN, Individually and on behalf of
all others similarly situated

                        Plaintiff,

              -against-

GRANDVISION USA RETAIL HOLDING
CORPORATION, FOR EYES OPTICAL CO, INC.:
FOR EYES OPTICAL CO. OF CALIFORNIA, INC:
and FOR EYES OPTICAL COMPANY OF
COCONUT GROVE, INC.

                        Defendants.
-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiff, Nicole Golan ("Plaintiff"), individually and on behalf of all others similarly situated Store Managers ("SMs"), files this Collective Action Complaint against Defendants, GrandVision USA Retail Holding Corporation ("GrandVision"), For Eyes Optical Co., Inc., For Eyes Optical Company of California, Inc., and For Eyes Optical Company of Coconut Grove, Inc. (collectively, "For Eyes" or "Defendants"), seeking all relief available under the Fair Labor Standards Act of 1938, ("FLSA") 29 U.S.C. § 201 *et seq.*, on behalf of Plaintiff and all current and former overtime exempt-classified SMs who elect to opt into this action pursuant to the FLSA (the "Putative FLSA Collective") who worked at any of Defendants' For Eyes locations in the United States within the three (3) year period preceding the filing of this action ("the relevant period"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and Putative FLSA Collective that they are entitled to: (i) unpaid overtime wages for hours worked in excess of 40 hours in a workweek, as required by law, (ii) liquidated damages under the FLSA, 29 U.S.C. § 201, et seq. and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Defendants are subject to personal jurisdiction in the Southern District of Florida.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants' principal place of business is located in Miramar, Broward County, Florida, which is within this district.

5. Upon information and belief, Defendants regularly conduct business in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff*

7. Plaintiff Nicole Golan is an adult individual residing in Atlanta, Georgia.

8. Plaintiff was employed by Defendants as a SM from on or about August 2017 until on or about May 2018 at two (2) For Eyes retail stores in Atlanta, Georgia; specifically in the Buckhead and Sandy Springs areas.

9. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). See Exhibit A.

10. Plaintiff worked in excess of 40 hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by the FLSA.

*Defendants*

11. Defendant GrandVision is a corporation organized and existing under the laws of Florida, with its corporate headquarters located at 3601 SW 160th Avenue, Miramar, Florida 33027. GrandVision shares this office with For Eyes Optical Co., Inc. and For Eyes Optical Company of Coconut Grove, Inc.

12. GrandVision is the parent corporation of For Eyes Optical Co., Inc., For Eyes Optical Company of California, Inc., and For Eyes Optical Company of Coconut Grove, Inc., and owned and/or operated For Eyes retail stores during the relevant time period.

13. Defendant For Eyes Optical Company of Coconut Grove, Inc. is a corporation organized and existing under the laws of Florida, with its corporate headquarters located at 3601 SW 160th Avenue, Miramar, Florida 33027.

14. Defendant For Eyes Optical Co., Inc. is a corporation organized and existing under the laws of Florida, with its corporate headquarters located at 3601 SW 160th Avenue, Miramar, Florida 33027.

15. Defendant For Eyes Optical Company of California, Inc. is a corporation organized and existing under the laws of California, with its corporate headquarters located at 3601 SW 160th Avenue, Miramar, Florida 33027.

16. Defendants operate approximately 100 For Eyes retail locations throughout the United States, including in Florida, Georgia, Illinois, California and New Jersey.

17. Defendants operate as a common enterprise such that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

18. At all times relevant, Defendants were employers and/or joint employers of the Plaintiff and other current and former SMs who will opt into this action within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times relevant, Defendants, have been an enterprise within the meaning of 29 U.S.C. § 203(r).

20. At all relevant times, Defendants were and are an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Defendants had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.

21. At all relevant times, each Defendant had gross revenues in excess of $500,000.00.

22. At all times material to this action Defendants directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff and the Putative FLSA Collective, including: (i) payroll; (ii) disciplinary actions; (iii) employment policies and procedures; (iv) scheduling and hours; (v) terms of compensation; and (vi) working conditions.

23. Each Defendant employed or acted in the interest of an employer towards Plaintiff and the Putative FLSA Collective, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and Putative FLSA Collective.

24. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

25. Each Defendant had the power to control the terms and conditions of employment of Plaintiff and the Putative FLSA Collective including, without limitation, those terms and conditions relating to the claims alleged herein.

26. Defendants jointly employed Plaintiff and the Putative FLSA Collective.

27. Defendants issued paychecks to Plaintiff and the Putative FLSA Collective during their employment.

28. Defendants directed the work of Plaintiff and the Putative FLSA Collective, and directly benefited, suffered or permitted the work they performed.

29. Plaintiff and the Putative FLSA Collective worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

30. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and the Putative FLSA Collective proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## FACTUAL ALLEGATIONS

31. Plaintiff and the Putative FLSA Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as SMs by Defendants at their For Eyes locations.

32. Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiff and the members of the Putative FLSA Collective.

33. Defendants were aware that Plaintiff and the Putative FLSA Collective worked more than 40 hours per workweek.

34. Defendants failed to pay Plaintiff and the Putative FLSA Collective overtime compensation for the hours they worked over forty (40) in a workweek.

35. The number of shifts Plaintiff or each individual member of the Putative FLSA Collective worked per week can be ascertained from Defendants' records.

36. Defendants have assigned all of the work that Plaintiff and the members of the Putative FLSA Collective performed, and Defendants are aware of the work that they have performed.

37. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and the Putative FLSA Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

38. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

39. Throughout the period relevant to this Complaint, Plaintiff and the members of the Putative FLSA Collective performed the same primary job duties, including, but not limited to:

    a. customer service;

    b. selling eyeglasses and contact lenses;

    c. setting up displays and merchandising;

    d. verifying insurance; and

    e. cleaning the store.

40. Plaintiff and the other SMs' primary job duties did not include:

    a. hiring;

    b. firing;

    c. setting rates of pay;

        d.        disciplining other employees; or

        e.        exercising meaningful independent judgment and discretion.

41. Defendants maintain control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiff and the Putative FLSA Collective.

42. The primary duties of Plaintiff and the Putative FLSA Collective were nonexempt.

43. The primary job duties of Plaintiff and the members of the Putative FLSA Collective did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of the working hours of the Plaintiff and the members of the Putative FLSA Collective.

44. Plaintiff and the other members of the Putative FLSA Collective's primary duties were customer service related. Customer service occupied the majority of the Plaintiff and the other SMs' working hours.

45. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all SMs as exempt from coverage of the overtime provisions of the FLSA.

46. Defendants did not perform a person-by-person analysis of every SMs' job duties when making the decision to classify all of them as exempt from the FLSA's overtime protections.

47. Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and the members of the Putative FLSA Collective worked. Defendants did not provide sufficient money in the labor budgets to cover all the wages necessary to have non-exempt employees complete all of the non-exempt tasks in each store.

48. Defendants knew or recklessly disregarded the fact that underfunding store labor budgets resulted in Plaintiff and members of the Putative FLSA Collective, who were not paid overtime, primarily performing manual and non-exempt duties.

49. By underfunding the store labor budget, Defendants avoided paying any overtime compensation to the SMs for performing non-exempt activities over 40 hours a workweek. The decision to misclassify SMs as exempt was calculated to allow Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

50. Defendants failed to keep accurate records of all hours worked by Plaintiff and the Members of the Putative FLSA Collective.

51. Defendants assigned the work that Plaintiff and the members of the Putative FLSA Collective have performed or Defendants were aware of the work they performed.

52. The work performed by Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

53. All members of the Putative FLSA Collective primarily performed the same or substantially similar job duties.

54. Plaintiff and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

55. Plaintiff and the other SMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

56. Defendants acted willfully and knew, by virtue of the fact that its District Managers (as its authorized agents) actually saw Plaintiff and members of the Putative FLSA perform

primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

57. Defendants also knew by virtue of its policies concerning scheduling and labor budgets that Plaintiff and members of the Putative FLSA Collective regularly and customarily did not direct two (2) or more employees, there frequently being only a SM and/or a SM and only one (1) associate scheduled to work most shifts.

58. As an experienced and practical retailer operating numerous stores in multiple states, Defendants were aware of, or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and members of the Putative FLSA Collective (a) did not customarily and regularly direct two (2) or more employees; and (b) were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any exemption under the applicable laws. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiff and members of the Putative FLSA as non-exempt employees.

59. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA

60. As part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA, with respect to Plaintiff and the members of the Putative FLSA Collective. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work

that Plaintiff, and the members of the Putative FLSA Collective were and have been performing, and that, as a result, Defendants have been:

    a.    willfully misclassifying Plaintiff and members of the Putative FLSA Collective as exempt from the overtime requirements of the FLSA;

    b.    willfully failing to pay Plaintiff and members of the Putative FLSA Collective overtime wages for hours they worked in excess of forty (40) hours per week; and

    c.    willfully failing to provide enough money in their store-level labor budgets for their non-exempt employees to perform their duties and responsibilities, forcing their exempt Store Managers to perform such non-exempt tasks.

61.    Defendants' willful violations of the FLSA are further demonstrated by the fact that Defendants failed to maintain accurate and sufficient time record for Plaintiff and the members of the Putative FLSA Collective. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow the Plaintiff and the members of the Putative FLSA Collective to record all hours worked.

62.    Due to the foregoing the Defendants failure to pay overtime wages for work performed by the Plaintiff and the members of the Putative FLSA Collective in excess of forty (40) hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.    Pursuant to 29 U.S.C. § 207 and § 216(b), Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of herself and all persons who are or were formerly employed by Defendants as SMs at their For Eyes locations, at any time from three (3) years prior to the filing of this Collective Action Complaint to the entry of judgment in this case (the "Collective Action Period").

64.    Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative FLSA Collective.

65. Upon information and belief, there are numerous similarly situated current and former SMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

66. Similarly situated employees are known to Defendants, readily identifiable and can be located though Defendants' records.

## FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES
(On behalf of Plaintiff and the FLSA Collective)

67. Plaintiff and the members of the Putative FLSA Collective, reallege and incorporate by reference paragraphs 1 to 65 above as if they were set forth again herein.

68. At all relevant times, Defendants employed Plaintiff, and employed or continue to employ, each of the members of the Putative FLSA Collective within the meaning of the FLSA.

69. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

70. Plaintiff has consented in writing to be parties to this action, pursuant to 9 U.S.C. § 216(b).

71. At all relevant times, Plaintiff and the members of the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

73. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74. At all times relevant, Plaintiff and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

75. Defendants failed to pay Plaintiff and other similarly situated members of the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

76. At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to its SMs for hours worked in excess of forty (40) hours per workweek.

77. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the members of the FLSA Collective, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

78. As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the members of the Putative FLSA Collective, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

79. As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendants knew or recklessly disregarded the fact that Plaintiff and the members of the FLSA Collective were primarily performing manual labor and non-exempt tasks.

80. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and members

of the FLSA Collective, Defendants' actual knowledge, through their District Managers, that the primary duties of Plaintiff and the members of the FLSA Collective were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of the job duties of Plaintiff and the members of the FLSA Collective to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiff and the members of the FLSA Collective to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

81.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Collective, are entitled to recover from Defendants (a) their unpaid wages for all of the hours worked by them, as overtime compensation, (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), with such amounts to be determined at trial or through undisputed record evidence.

82.     Defendants' violations of the FLSA have been willful and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative FLSA Collective, prays for the following relief against Defendants:

A.     At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated members of the Putative FLSA Collective the nature of this action and of their right to join this lawsuit;

B. Certification of the Putative FLSA Collective;

C. Designation of Plaintiff as a representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

D. Declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

F. An award of liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq.* and the supporting United States Department of Labor regulations;

G. An award of the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

H. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

I. An award of pre-judgment interest and post-judgment interest;

J. An award of attorneys' fees and costs of the action, including expert fees, and an award of a service payment to the Plaintiff; and

K. Such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative FLSA Collective, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: May 14, 2019
Boca Raton, Florida

Respectfully submitted,

_____
Gregg I. Shavitz
E-mail: gshavitz@shavitzlaw.com
Camar R. Jones
E-mail: cjones@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Marc S. Hepworth *
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum *
E-mail: cgershbaum@hgrlawyers.com
David A. Roth *
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan *
E-mail: rpredovan@hgrlawyers.com
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Attorneys for Plaintiff and the Collective*

*pro hac vice application forth coming

# EXHIBIT A

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), **For Eyes Optical**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

_NGol_
9532000BA435497...

Signature

Nicole Golan

Print Name