DocuSign Envelope ID: 08C421EF5334-4785-8C47-3953B64E5420

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between NICOLE GOLAN ("PLAINTIFF"), and GRANDVISION USA RETAIL HOLDING, CORPORATION, FOR EYES OPTICAL CO, INC., FOR EYES OPTICAL CO. OF CALIFORNIA, INC., AND FOR EYES OPTICAL COMPANY OF COCONUT GROVE, INC. (collectively, "FOR EYES").  In this Agreement, each of the foregoing parties may be referred to as a "Party" and together as the "Parties."

WHEREAS, PLAINTIFF is a former FOR EYES employee;

WHEREAS, a dispute arose between the Parties concerning FOR EYES' employment of PLAINTIFF, which dispute is the subject of a lawsuit pending in the United States District Court for the Southern District of Florida, *Nicole Golan v. Grandvision USA Retail Holding, Corporation, et al.* (Civil Action No. 1:19-cv-21937-MGC) (the "Action");

WHEREAS, FOR EYES denies that it violated any law or took any unlawful or inappropriate action toward PLAINTIFF with regard to PLAINTIFF'S compensation or any other aspect of PLAINTIFF'S employment or the termination of PLAINTIFF'S employment;

WHEREAS, PLAINTIFF and FOR EYES have negotiated a settlement of the Action;

WHEREAS, PLAINTIFF and FOR EYES wish to avoid the risks and costs of litigation and instead amicably resolve the Action and all outstanding disputes and issues between them and other Released Parties (defined in Section 7 below) subject to the terms and conditions set forth in this Agreement; and

WHEREAS, PLAINTIFF and FOR EYES acknowledge and agree that this settlement resolves legally and factually disputed claims, including a bona fide dispute as to the issues raised in the Action;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the adequacy of which consideration PLAINTIFF and FOR EYES each acknowledges, and intending to be legally bound, PLAINTIFF and FOR EYES agree as follows:

1. **Dismissal with Prejudice.**  The Parties agree that a pre-condition of PLAINTIFF receiving the Settlement Amount (defined in Section 2) is the dismissal of the Action with prejudice.  PLAINTIFF hereby authorizes and directs PLAINTIFF'S attorneys, Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC, to take any and all additional steps necessary to terminate the Action with prejudice in its entirety.

2. **Settlement Payment.**

   a. **Settlement Amount.**  Provided that PLAINTIFF timely executes (and does not revoke) this Agreement and complies with the obligations under the Agreement, FOR EYES shall issue a one-time payment in the total gross amounts as indicated below.  The Settlement Amount shall constitute the

DocuSign Envelope ID: 08C421AF5334-4784-8C47-3953B64E5420

entire payment from FOR EYES for: (1) the full and final settlement of the Action including, without limitation, claims for attorneys' fees and costs; and (2) all agreements, promises and representations contained in the Agreement. The Settlement Amount shall be paid as follows:

i. For alleged unpaid wages, provided that PLAINTIFF provides counsel for FOR EYES with a completed IRS Form W-4 by no later than the date on which this Agreement is fully executed, FOR EYES shall issue to PLAINTIFF a check payable to "NICOLE GOLAN" in the total gross amount of Six Thousand One Hundred Seventeen and 65/100 dollars ($6,117.65), less applicable withholding. FOR EYES will issue an IRS Form W-2 to PLAINTIFF in connection with this payment.

ii. For a service award, provided that PLAINTIFF provides counsel for FOR EYES with a completed IRS Form W-9 by no later than the date on which this Agreement is fully executed, FOR EYES shall issue to PLAINTIFF a check payable to "NICOLE GOLAN" in the total gross amount of Ten Thousand and 00/100 dollars ($10,000.00). FOR EYES will issue an IRS Form 1099 to PLAINTIFF in connection with this payment.

iii. Provided that Shavitz Law Group, P.A. provides counsel for FOR EYES with a completed IRS Form W-9 by no later than the date on which this Agreement is fully executed, FOR EYES shall issue to Shavitz Law Group, P.A. a check payable to "Shavitz Law Group, P.A." in the gross amount of Five Thousand Three Hundred Sixty Two and 75/100 dollars ($5,362.75) for attorneys' fees and costs. FOR EYES will issue an IRS Form 1099 to Shavitz Law Group, P.A. in connection with this payment. This payment is for attorneys' fees and costs.

3. **Attorneys' Fees.** As set forth in Section 2 of this Agreement, the Settlement Amount includes payment to Shavitz Law Group, P.A. and is intended to constitute payment in full for all attorneys of the Shavitz Law Group, P.A. and Hepworth, Gershbaum & Roth, PLLC who played any role in representing the interests of PLAINTIFF in connection with the Action. FOR EYES is not aware of any attorneys other than Shavitz Law Group, P.A. and Hepworth, Gershbaum & Roth, PLLC having represented PLAINTIFF in connection with the Action and PLAINTIFF acknowledges and agrees that no other attorneys have done so.

4. **Tax Consequences.** PLAINTIFF agrees to pay any and all taxes found to be owed in connection with the payment of the Settlement Amount, except FOR EYES' "employer's share" of any taxes associated with the Settlement Amounts to PLAINTIFF, and to indemnify and hold FOR EYES and the Released Parties harmless from any claims, assessments, demands, penalties and interest owed, or found to be owed, as a result of that payment, other than FOR EYES' employer's share of taxes as referenced herein. In the event it is determined that any monies are due and owing to any government or governmental agency with respect to the Settlement Amount other than FOR EYES' employer's share of taxes as referenced herein,

those monies shall be the sole responsibility of PLAINTIFF, and shall not affect the validity of this Agreement in any way.

5.     **Arm's-Length Negotiations.**     PLAINTIFF and FOR EYES arrived at the settlement memorialized in this Agreement through arm's-length negotiations, taking into account all relevant factors, past, present and potential, and they believe in good faith that the terms of this Agreement are fair, adequate and reasonable.

6.     **Non-Admission.**  FOR EYES denies that it has wronged or harmed PLAINTIFF in any way and further denies that any action taken with respect to PLAINTIFF'S hiring, employment, compensation or termination was in any way wrongful or unlawful.    It is understood and agreed that, by entering into this Agreement, FOR EYES in no way admits any wrongdoing by reason of the matters alleged in the Action or by reason of any other matter.  This Agreement is not, and shall not be construed as, an admission by FOR EYES or any of FOR EYES' current or former directors, officers, employees, representatives or agents, of any unlawful or improper conduct toward PLAINTIFF or anyone else.

7.     **"Released Parties" Defined.**  For purposes of this Agreement, "Released Parties" means GRANDVISION USA RETAIL HOLDING, CORPORATION, FOR EYES OPTICAL CO, INC., FOR EYES OPTICAL CO. OF CALIFORNIA, INC., AND FOR EYES OPTICAL COMPANY OF COCONUT GROVE, INC., and all of their predecessors, successors, assigns, parents, subsidiaries, operating companies, affiliates, contractors, insurers and directors; and all of their respective current and former officers, members, employees, attorneys, representatives and agents.

8.     **Release by Plaintiff.** Plaintiff hereby knowingly and voluntarily releases FOR EYES, its parents, predecessors, successors, assigns, subsidiaries, affiliates, professional employer organization and insurers and their past and present directors, officers, managers, shareholders, members, employees, agents, professional employer organization, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, professional employer organizations, insurers and attorneys of and from any and all claims for unpaid wages arising under any and all federal, state, and local laws, including, without limitation, the FLSA against FOR EYES which Plaintiff has or might have as of the date of execution of this Agreement.

9.     **Approval and Dismissal of Action.** The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice with the Court.  Payment of the Consideration set forth in Section 2 of this Agreement is contingent upon the Court's approval of this settlement, and Plaintiff's timely delivery of all tax forms required in Section 2 above.

10.     **Full Payment.**  FOR EYES shall issue the Settlement Amount within ten (10) business days of the Court's issuance of an Order approving this settlement.

11.     **Adequate Consideration.**  PLAINTIFF agrees that PLAINTIFF is receiving full and fair consideration for all agreements, promises, and representations contained in this Agreement.  More specifically, PLAINTIFF agrees that the payments PLAINTIFF is receiving

pursuant to Section 2 constitute more than adequate consideration to support the release PLAINTIFF is providing to FOR EYES and the other promises that PLAINTIFF is making under the Agreement.

12.     **Construction of the Agreement.**  This Agreement is made and entered into in the State of Florida and shall in all respects be interpreted and enforced according to the laws of Florida without regard to conflict of laws principles.  The language of this Agreement shall in all cases be construed as a whole and given its fair meaning, and shall not be construed strictly for or against any of the Parties.  This Agreement is binding upon, and inures to the benefit of, the Parties and their respective heirs, successors and assigns.  The signatories to this Agreement represent that they have authority to bind the respective Parties.

13.     **Fees for Prevailing Party.**  In any action to enforce the terms of this agreement, the prevailing party shall recover reasonable attorneys' fees.

14.     **Counterparts**.  This Agreement may be executed in any number of counterparts, or in different counterparts, including via e-signature, any of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

15.     **Joint Drafting.**  The Parties agree that they and their counsel participated in drafting this Agreement and, accordingly, any ambiguities contained in it shall not be construed against any Party.

16.     **Severability and Court Modification.**  If any portion of this Agreement is determined to be illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, the Parties agree that the remaining provisions of this Agreement not declared invalid will continue in full force and effect.  The Parties further agree that the illegal, unenforceable, or ineffective provisions, terms, clauses, waivers or releases shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the Parties, without the need for additional consideration.

17.     **Entire Agreement.**  This Agreement may not be modified or amended except through a written document executed by the Parties. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the same subject matter except that this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Settlement Agreement and General Release on the dates indicated below.

DATE: _____1/24/2020_____          By: _____

GRANDVISION USA RETAIL HOLDING,
CORPORATION, FOR EYES OPTICAL CO,
INC., FOR EYES OPTICAL CO. OF
CALIFORNIA, INC., AND FOR EYES OPTICAL
COMPANY OF COCONUT GROVE, INC.

DATE: _____01/27/2020_____    By: _Pablo Vranjican_____

Name: **PABLO VRANJICAN**

Title    **CFO**